**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| REBECCA LYNN MILAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO.  CIV-04-1749-HE |
| | ) | |
| RANGER INSURANCE CO., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff has filed a motion to compel discovery as to defendants Sherburn Motor Freight and, apparently, ERB International, Inc [Doc. #39].  Those defendants have responded.

Whatever may be the state of technical compliance with LCvR37.1, the parties have plainly done little to identify, address and resolve what ought to be relatively straightforward discovery issues.  Plaintiff's requests were, in many cases, unduly burdensome, not appropriately limited in scope, and sought information with no conceivable, or at least apparent, relevance to the case.  Defendants' responses include much pointless posturing, objecting, for example, to plainly relevant inquiries on the grounds of, among other things, relevance.  Further, the submissions of the parties do not resolve what appears to be longstanding confusion about who plaintiff is really seeking to sue.[1]  In addition, plaintiff's

---

[1] *ERB International, Inc. is the party defendant.  The parties' correspondence attached to previous submissions indicates uncertainty on both sides as to whether that entity, or ERB Transport, Ltd., is the proper party defendant.  ERB International, Inc.'s answer to the plaintiff's complaint continues the ambivalence. Answer, ¶ 9. No amendment as to parties has been sought or granted, but plaintiff directed her discovery requests to ERB Transport, Ltd., and also changed*
*(continued...)*

motion to compel makes no effort to give effect to the efforts of the "parties" to resolve at least some of the disputed matters by agreement.

In the present state of things,[2] the Court concludes the following disposition is appropriate: plaintiff's motion to compel directed to ERB Transport, Ltd. is **DENIED**, as Fed. R. Civ. P. 34 applies to parties, and ERB Transport, Ltd. is not one.  Plaintiff's motion as to defendant Sherburn is **STRICKEN**, with leave to re-file the same if specific, identified disputes remain after further efforts to resolve them.  Defendant Sherburn's response to plaintiff's discovery is also **STRICKEN**; Sherburn is directed to file appropriate, responsive responses not later than **October 10, 2005**.[3]

The parties are directed to make a serious, focused, good faith effort to resolve any remaining discovery issues.  In the event disputes remain after the in-person consultations of counsel, any motion filed with the Court should identify with specificity the disputes remaining and the date, place and persons attending the LCvR37.1 conference.

---

[1](...continued)
*the caption of the case in certain documents.  ERB Transport, Ltd., though not a party, appears to have responded to the requests and described itself as a party defendant.*

[2] *The Court is also perplexed as to how the parties can still be arguing over Rule 26 insurance information when the parties previously advised the Court, in their Joint Discovery Plan, that all Rule 26 disclosures had been made.  Joint Discovery Plan filed May 31, 2005, ¶ 6: "The parties' Rule 26 disclosures have been made."  See also, Fed. R. Civ. P 26(a)(1)(D).*

[3] *The correspondence of counsel suggests the answer to many responses is "none," but the formal response to discovery did not say that.*

**IT IS SO ORDERED**.

Dated this 27th day of September, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE