**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| REBECCA LYNN MILAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-04-1749-HE |
| | ) | |
| RANGER INSURANCE CO., et al, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff has moved to strike Larry Owen as an expert witness for defendants. She does so on the basis of alleged deficiencies in Mr. Owen's expert report and on the basis that his intended testimony lacks reliability under the standards of Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993). Defendants have responded to the motion. The court concludes the motion should be denied insofar as it asserts a violation of Fed. R. Civ. P. 26 and that a hearing is necessary as to the further issues raised by the motion.

Mr. Owen, a retired Oklahoma Highway Patrol officer, is offered as an expert in accident reconstruction. Defendants seek to offer his opinions that the impact involved in the accident in issue here occurred in the center, rather than the left hand, lane of I-40 and that the truck driven by the defendant driver did not change lanes to cause the crash.

Plaintiff argues that Mr. Owen's expert report fails to meet the standards of Rule 26(a)(2)(B) which requires, among other things, that the report set out the "opinions to be expressed and the basis and reasons therefore . . . ." The court concludes plaintiff's objection is well taken. The report submitted contains information establishing that Mr. Owen has

substantial experience in the field of accident reconstruction and also his conclusions as to the cause of the accident. What is lacking from the report is any significant description of the principles of accident reconstruction which cause Mr. Owen to reach the opinions he offers.[1] An opposing party should not be forced to depose an expert in order to determine the basis for the proffered expert opinions.

Concluding that the expert report of Mr. Owen is insufficient does not, however, compel the conclusion that it must be stricken or that he be prevented from testifying. Fed. R. Civ. P. 37(c)(1) requires, in general, the exclusion of the testimony or evidence unless the failure to meet the disclosure requirements is harmless. In making that determination, the court considers the factors identified in Woodworker's Supply Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985 (10th Cir. 1999). These factors include: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing the testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." Woodworker's Supply, 170 F.3d at 993. See Jacobsen v. Deseret Book Co., 287 F.3d 936, 953 (10th Cir. 2002) (applying factors set forth in Woodworker's Supply).

Applying these factors to the present circumstances, the court concludes the deficiencies in the expert report involved here are harmless. Mr. Owen has been deposed by

[1] *The report refers to the "timing of the event" as somehow indicating the defendants' truck could not have forced plaintiff's vehicle off the road, but identifies no scientific or other principle upon which that conclusion is based.*

plaintiff, extensively, as to his opinions and the basis for them. There will hence be no element of surprise to plaintiff if Mr. Owen is allowed to testify at trial. Nor, in light of having taken his deposition, is there any significant, uncured prejudice to plaintiff from the deficiency.[2] There is no suggestion here that the deficiency in the report has hindered the preparation or analysis of plaintiff's own expert on the subject. There is also no prospect of disruption of the trial from the proffered testimony, which is of a sort commonly offered in cases like this one. Accordingly, the court concludes Rule 37 does not require the exclusion of the proffered testimony in these circumstances and plaintiff's motion, insofar as it rests on a violation of Rule 26's requirements as to expert reports, is **DENIED**. However, as the report was deficient and that deficiency should have at least some consequences, the court concludes defendants should reimburse plaintiff, at or before the conclusion of this case, the sum of two hundred fifty dollars ($250) as a sanction for the deficiency.

Plaintiff also objects to Mr. Owen's testimony on Daubert grounds. While Mr. Owen's qualifications in the area of accident reconstruction are clear, it is not clear that the opinions he seeks to offer are sufficiently grounded in accident reconstruction principles to be considered reliable and admissible under Daubert. Accordingly, plaintiff's motion,

---

[2] *In some circumstances, being forced to take an expert's deposition in order to find out the basis for his opinions might, in and of itself, constitute significant prejudice to a party. In a proper case, appropriate Rule 26(a)(2)(B) disclosures may avoid altogether the need for a deposition of the expert. Here, however, given the vigorous and contentious nature of the pretrial proceedings to date, the court has little doubt Mr. Owen would have been thoroughly deposed in any event.*

insofar as it relates to plaintiff's objection on Daubert grounds, is **SET FOR HEARING** on **Monday, May 22, 2006, at 1:30 p.m**., in Courtroom 304, Oklahoma City, Oklahoma.

Plaintiff's motions for leave to file a reply brief [Doc. Nos. 158 and 159] are **DENIED**.

**IT IS SO ORDERED**.

Dated this 12th day of May, 2006.

JOE HEATON
UNITED STATES DISTRICT JUDGE