## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| REBECCA LYNN MILAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  CIV-04-1749-HE |
| | ) | |
| RANGER INSURANCE CO., et al, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Defendants have moved to strike plaintiff's evidence as to damages or, alternatively, to permit them to supplement their witness and exhibit lists, submit an additional expert report out of time, and to have their medical expert examine the plaintiff [Doc. #150].  The motion generally alleges that plaintiff failed to disclose, in response to discovery requests, the fact of and evidence as to certain prior medical treatments she had received.  Plaintiff has responded to the motion.[1]

Also pending is plaintiff's motion to compel discovery of various financial records of some of the defendants, relating to plaintiff's claim for punitive damages [Doc. #152]. Defendants' responses are not yet due.  However, subject to the qualification set out below, the court concludes it is appropriate to resolve the motion to compel now.

With respect to the motion to strike damages evidence, defendants allege that plaintiff disclosed certain prior medical treatments received by her only at her December, 2005, deposition and that she wrongfully failed to properly respond to, or to appropriately

---

[1]*Defendants have requested leave to file a reply brief [Doc. #161], which is **DENIED**.*

supplement, her responses to discovery requests allegedly directed to those treatments.  They

argue this information was requested in Defendants' First Interrogatories to Plaintiff, Nos.

3 and 17.

As a threshold matter, the court has considerable doubt whether the information

defendants claim was tardily disclosed was even requested in the interrogatories.

Interrogatory No. 3 requests information as to medical providers who have treated plaintiff

for "complaints similar to the complaints of injury."  Similarly, Interrogatory No. 17 inquires

as to prior "complaints of injury" to affected areas of plaintiff's body.  So far as the court can

determine, none of the prior medical records relate to what would ordinarily be thought of

as an "injury."  Degenerative disk disease, liver problems due to contracting hepatitis from

a blood transfusion, and the like no doubt relate to "medical condition" or "disease" but do

not strike the court as being attributable to an "injury."  Further, in the circumstances existing

here, the court is unpersuaded that the bulk of the medical information defendants now refer

to is of such a nature that defendants would be significantly prejudiced by omitting it from

their exhibit list.[2]  Given the nature of the prior medical information, the timing of the

objection to its disclosure, and the fact that this case has been pending for a year and a half,

with multiple revisions of the scheduling orders, the court is not disposed, on the present

showing, to reopen discovery or allow additional expert designations or submissions as

defendants request.  Accordingly, defendants' motion to strike damages [Doc. #150] is

---

[2]*Of course, defendants will be able, if otherwise proper, to cross-examine either plaintiff or her doctors based on the prior medical information.*

**DENIED**, including their request for authorization of additional experts and their request for medical examination of the plaintiff.  The court will, however, **ORDER** that defendants' exhibit list be deemed amended to include the February 9, 1999, notes of Dr. Wall and the October 9, 1998, report of Dr. Davidson (both attached to defendants' motion), as those may have some relevance to any damages plaintiff may claim as they relate to injury to her back or skeletal system.[3]

Plaintiff's motion to compel discovery seeks financial information as to defendants Bernhard A. Rolleman, ERB International Inc. and Sherburn Motor Freight, Inc. for use in connection with addressing the issue of punitive damages.  Defendants have objected to plaintiff's request for information on the basis of relevance, breadth and undue burden.  Here, plaintiff may very well have a plausible argument for punitive damages if her theory of the case prevails and, if so, information as to the financial condition of the indicated defendants may be relevant.  See, e.g., TXO Prod. Corp. v. Alliance Res. Corp., 509 U.S. 443, 462 n.28 (1993) (noting net worth of a defendant is a factor typically considered in assessing punitive damages); Capstick v. Allstate Ins. Co., 998 F.2d 810, 821 (10th Cir. 1993) ("Under Oklahoma law, the net worth of a defendant may be considered in assessing punitive damages.").  However, the oppressively broad request for information sought by plaintiff is obviously unreasonable in its scope and designed to be as burdensome as possible.[4]

---

[3]*Plaintiff's suggestion that she is not seeking recovery for any preexisting conditions obviously misses the point.*

[4]*Among other things, the requests seek five years of tax returns for each defendant, all*
(continued...)

Accordingly, subject to the qualification noted below,[5] plaintiff's motion [Doc. #152] is **GRANTED IN PART** and **DENIED IN PART**.  Each indicated defendant is directed to produce to plaintiff, not later than **May 25, 2006**, a current financial statement (balance sheet) sworn to, under penalty of perjury, by the defendant or, in the case of a corporate defendant, an appropriate officer thereof.   Plaintiff's motion is otherwise **DENIED**. Plaintiff's exhibit list is deemed amended to include such submissions.[6]  All such financial information shall be kept confidential by the parties and used for purposes of this case only.[7]

The court notes that both sides in this lawsuit appear to have adopted a "scorched earth" approach to arguing their respective positions.[8]  Counsel for both sides are encouraged to remain focused on the merits of the case and to avoid random partisan sniping which

---

[4](...continued)
*financial statements prepared or filed by any defendant for the past five years, and the same information for other companies that might be owned by any of the stockholders of the defendant companies.*

[5]*As previously noted, defendants have not yet responded to plaintiff's motion.  If any of the affected defendants has a serious, good faith objection to the limited production of financial information ordered here by the court, it may file its response stating its objection within five (5) days from entry of this order.*

[6]*This implies nothing as to the admissibility of any such financial information, which will be addressed, if objected to, at the appropriate time.*

[7]*If any party desires a more detailed protective order, the parties are directed to confer and submit an agreed confidentiality order.*

[8]*For example, plaintiff professes outrage at what she suggests is defendants' plan to utilize the 1984 autopsy report of plaintiff's stillborn daughter in some fashion. The suggestion is absurd. Similarly, defendants' cannot resist reminding the court that criminal charges were filed against plaintiff, a circumstance of zero relevance in deciding the present motions and of highly doubtful relevance for any purpose in this case.*

benefits no one.

**IT IS SO ORDERED**.

Dated this 12th day of May, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE